**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **TYKEISHA TOMPKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No. 1:20-cv-723 |
| | ) |
| **SECURAMERICA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tykeisha Tompkins ("Tompkins"), by counsel, bring this action against Defendant, Securamerica, LLC ("Defendant"), and shows as follows:

**OVERVIEW**

Tompkins bring this action brought under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended. Plaintiff contends she was discriminated because of her race, African American, and gender, female, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1866 ("Section 1981"). Tompkins also alleges she was retaliated against in violation of Section 1981.

**PARTIES**

1. Tompkins resided in the Southern District of Indiana at all times relevant to this action. She was employed by Defendant and was an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the southern district of Indiana and is an employer as defined by 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

## FACTS

6. Defendant hired Tompkins on or about June 17, 2019. Tompkins was employed as a security guard.

7. Throughout her employment, Tompkins noticed that male and/or non-African-American employees were given more favorable shifts and/or assignments.

8. Tompkins complained to her direct supervisor regarding the disparate treatment.

9. As of September 2019, Defendant stopped scheduling Tompkins to work.

10. Tompkins has reached out to the company to be placed on the schedule, but Defendant has ignored her.

11. Tompkins has been harmed by Defendant's misconduct.

## LEGAL CLAIMS

### COUNT I:  RACE DISCRIMINATION

12. Tompkins hereby incorporates by reference paragraphs one (1) through eleven (11) of this Complaint.

13. Tompkins was treated differently in the terms and conditions of her employment than non-African American employees.

14. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Tompkins under Title VII and Section 1981.

15. Tompkins suffered harm as a result of Defendant's unlawful conduct.

## COUNT II: SEX DISCRIMINATION

16. Tompkins hereby incorporates by reference paragraphs one (1) through fifteen (15) of this Complaint.

17. Tompkins was treated differently in the terms and conditions of her employment than male employees.

18. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Tompkins under Title VII.

19. Tompkins suffered harm as a result of Defendant's unlawful conduct.

## COUNT III: RETALIATION

20. Tompkins hereby incorporates by reference paragraphs one (1) through nineteen (19) of this Complaint.

21. Tompkins complained about what she reasonably believed was disparate treatment because she was female and/or African American.

22. Defendant retaliated against Tompkins by firing failing to schedule her to work after she engaged in protected activity.

23. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Tompkins under Section 1981.

24. Tompkins suffered harm as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Tykeisha Tompkins, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:    (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff
